UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Harold J. Pippen, )
    Plaintiff(s); )
)
-vs.- ) No. CV 96-P-1833-S
)
Sheraton Operating Corp., d/b/a, Sheraton )
Civic Center Hotel )
    Defendant(s). )

**ENTERED**

**FEB 4 1997**

## OPINION

For the following reasons, the Defendant's Motion to Dismiss is hereby DENIED, the Defendant's Motion for Partial Summary Judgment on the Plaintiff's employment discrimination claims is hereby GRANTED and the Plaintiff's Motion for Summary Judgment is hereby DENIED.

Under the Federal Rules of Civil Procedure Rule 56(b), a party may move for summary judgment in its favor as to all or part of the asserted claims. The moving party bears the initial burden of informing the court of the basis of its motion which it asserts demonstrates a lack of genuine issues of material fact.[1] Once this burden has been met, the party opposing the motion cannot rest upon its own bare allegations but must come forward with evidence that a genuine issue of material fact does indeed exist.[2] The Court considered all the evidence submitted in making its rulings.

---

1. See, e.g., *Celotex v. Catrett*, 477 U.S. 317 (1986).

2. *Id.*

Facts

The Plaintiff ("Pippen"), a black male, was employed by the Defendant ("Sheraton") as a bellman in its Civic Center Hotel in Birmingham, Alabama from March 1994 to December 1995. Pippen received tips during the course of his employment. Personnel reports indicate that Pippen was warned on at least three occasions about failing to report his tips. Pippen wrote comments protesting the reporting of tips on some of these forms. He was terminated for the stated reason that he failed to report his tips properly. The next person hired as a bellman after Pippen was terminated was a black male.

Pippen filed suit on July 17, 1996 alleging violations of the Fair Labor Standards Act for failure to pay minimum wage and violations of Title VII and 42 U.S.C. § 1981 for racial discrimination in the terms and conditions of his employment and in his termination. Sheraton filed a Motion to Dismiss. In addition, Sheraton and Pippen have filed Cross-Motions for Summary Judgment.

ANALYSIS

A. DEFENDANT'S MOTION TO DISMISS

In its Motion to Dismiss, Sheraton argues that the matter should be dismissed pursuant to a binding arbitration policy which Sheraton adopted on May 1, 1995. Pippen signed an acknowledgment that he had received and read the Policy. The terms of the policy state that employees hired prior to May 1, 1995 would be deemed to have accepted by the policy by their continued employment with Sheraton. Among other things, the policy provided that all claims including racial discrimination and claims involving wages would be subject to binding arbitration for both Sheraton and its employees. If the employee prevailed in the arbitration, Sheraton agreed

2

to pay all administrative fees and fees and costs of the arbitrator. However, according to the policy, if arbitration occurred, both parties would be allowed to be represented by attorneys but that "[a]ttorney's fees and additional costs associated with having the attorney are the sole responsibility of the party hiring the attorney."

The Court takes note of the fact that arbitration agreements are no longer disfavored by the courts and that, under current law, employees may agree to arbitrate statutory claims against their employers. In *Gilmer v. Interstate/Johnson Lane Corp.*,[3] the United States Supreme Court stated that "by agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum." In the case at bar, all Pippen's claims arise from alleged violations of statutorally created rights. Therefore, as a general proposition, Sheraton and Pippen could agree to arbitrate these claims under an arbitration agreement. However, under the present facts, Sheraton's arbitration policy not only changes the forum in which the dispute is resolved, it also changes the substantive remedies available to an employee under the applicable statutes. Specifically, under various civil rights statutes, employees may recover reasonable attorney's fees if they prevail on at least some of their claims.[4] Likewise, under the Fair Labor Standards Act, a prevailing plaintiff may also recover reasonable attorney's fees.[5] In this case, Pippen is claiming discrimination under Title VII and § 1981 and violations of the Fair Labor Standards Act. In accordance with these statutes, Pippen would be eligible to recover reasonable attorney's fees if he prevailed. Under the Sheraton

---

3. 500 U.S. 20 (1991).

4. 42 U.S.C. § 2000e-5(k).

5. 29 U.S.C.A. § 216.

arbitration plan, "[a]ttorney's fees and additional costs associated with having the attorney are the **sole** responsibility of the party hiring the attorney."[6] (emphasis added). In the section of the policy devoted to costs, Sheraton only agrees to pay the costs of the arbitrator.

Because the Court finds that the Sheraton arbitration policy seeks to limit the substantive remedies available to Pippen rather than effect a simple change in forum, the Defendant's Motion to Dismiss based on the enforcement of this arbitration policy is hereby DENIED. The Court nevertheless recognizes that there have been recent developments in the case law favoring arbitration agreements and that this issue has not been specifically addressed by binding authority. Because of the unsettled nature of the case law and determinative nature of the issue, the Court finds no just reason for delay and, pursuant to Federal Rules of Civil of Procedure Rule 54(b), directs the Clerk of the Court to enter the denial of the Defendant's Motion to Dismiss as a Final Judgment. The Defendant therefore is free to appeal this judgment.

B. DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In addition to its Motion to Dismiss, Sheraton has moved for summary judgment as to Pippen's Title VII and § 1981 claims for racial discrimination. Pippen makes general claims of discrimination in discipline and discharge.

Under Title VII and § 1981, a plaintiff must make a prima facie showing of racial discrimination. The plaintiff must show that (a) he is a member of a protected class (in this case a racial minority); (b) he was qualified for the position; (c) there was an adverse employment

---

6. Defendant's Motion for Summary Judgment, Exhibit 9.

action or termination; (d) he was replaced by someone outside the protected class.[7]

Pippen has generally claimed discrimination in discharge and discipline during his employment. Pippen alleges in his complaint that white employees were not treated as harshly or terminated for the same offense. However, he fails to specify or identify other employees who were treated differently or how they were treated. The only document or evidence submitted in reference to this allegation is a comment Pippen wrote on the bottom of an exhibit he submitted referring to a person named Robert Nagel who Pippen claims was given preferential treatment because of his race.[8] However, when the documents themselves are read, it appears that Mr. Nagel was given verbal warnings for failing to report his tips. Pippen was also given more than one verbal warning regarding the same matter. Pippen has not submitted any other evidence to support any allegation of discrimination in discipline.[9]

Sheraton argues in its brief that Pippen cannot meet the prima facie showing required under Title VII and § 1981 because he was replaced by another black male. Sheraton has produced employment records which indicate that the next person hired as a bellman after Pippen was terminated was another black male. In the complaint, Pippen has alleged in very general terms that he was discriminated against in his discharge but he failes to allege any specific facts in reference to the allegation. In response to the evidence produced by Sheraton in support of its

---

7. See, *McDonnell Douglas v. Green*, 411 U.S. 792 (1973); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502 (1993); *Hawkins v. Ceco Corp.*, 883 F.2d 977 (11th Cir. 1989).

8. Pippen submitted various personnel reports as exhibits with his complaint. Pippen wrote comments across the bottom of the exhibits which apparently constituted argument about these reports. The Exhibit referring to Nagel states that Nagel "failed to report his tips at least twice more by 12/12 and all he got was his 1st verbal warning." Pippen has failed to introduce any evidence that he was disciplined on every occasion that he failed to report his tips.

9. A portion of Pippen's "affidavit" filed on December 23, 1996 contains hearsay statements about extra pay that Shams Dolatabadi, another Sheraton employee who worked at Sheraton, was allegedly receiving in connection with his duties. Pippen makes some argument in his affidavit that this extra pay somehow constitutes discrimination but facts supporting any claim dealing with this issue have not been alleged in the complaint.

5

Motion for Summary Judgment, Pippen submitted a document styled as an affidavit[10] which includes a narrative argument in which he claims that Mr. Shams Dolatabadi replaced him on his shift.[11] It is undisputed that Dolatabadi was a Sheraton employee before Pippen was hired and conducted some of Pippen's training. Pippen has only submitted his own report of hearsay statements in support of his claims that Dolatabadi replaced him on his shift.

In addition, Sheraton argues that, even if Pippen makes his prima facie showing, Sheraton has articulated a non-discriminatory reason for disciplining and eventually terminating Pippen. Sheraton's articulated reason for disciplining[12] and terminating Pippen was for failure to report his tips. Under *Burdine*, if the Defendant has articulated a non-discriminatory reason for its action, the plaintiff must come forward with evidence that the stated reason is a pretext or "sham."[13] In this case, Pippen has not offered any evidence, other than his bare allegations, that other employees were treated differently[14] either in discipline or discharge from which a discriminatory intent might be inferred. Pippen does not seem to be denying that he did not report his tips but argues that he should not be required to do so or should not be required to do so in the manner that Sheraton prescribed. From the evidence submitted, it appears that reporting of tips was monitored by Sheraton on a regular basis and that other employees were disciplined for failing to report tips.

---

10. The Affidavit was filed on November 14, 1996.

11. During oral argument, there was some discussion that Mr. Dolatabadi might be a racial minority. Pippen subsequently filed an affidavit devoted to hearsay statements by Mr. Dolatabadi that Mr. Dolatabadi considered himself "white."

12. Sheraton's personnel records also indicate that Pippen was warned about absenteeism in addition to the failure to report his tips.

13. *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248 (1981).

14. See discussion above regarding Robert Nagel.

Based on the foregoing facts, the Defendant's Motion for Summary Judgment on the Plaintiff's claims of racial discrimination is hereby GRANTED and the Plaintiff's Motion for Summary Judgment is hereby DENIED.

In light of the Rule 54(b) ruling on the Court's denial of the Defendant's Motion for Summary Judgment, the Court also finds no just reason for delay in making final the granting of the Defendant's Motion for Summary Judgment as to the Plaintiff's discrimination claims. Therefore, the Plaintiff is also free to appeal this ruling.

Date: ~~January~~ Feb., 3, 1997

Chief Judge Sam C. Pointer, Jr.

Service List:
  Ms. LaVeeda Morgan Battle
  Mr. Harold Pippen