UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
Southern Division

Harold J. Pippen, )
    Plaintiff(s); )
     )
-vs.- ) No. CV 96-P-1833-S
     )
Sheraton Operating Corp., d/b/a, Sheraton )
Civic Center Hotel )
    Defendant(s). )

**ENTERED**

AUG 0 8 1997

**OPINION**

For the following reasons, the Defendant's Motion for Summary Judgment on the Plaintiff's remaining claims[1] is hereby GRANTED and the Plaintiff's Motion for Partial Summary Judgment is hereby DENIED.

Under the Federal Rules of Civil Procedure Rule 56(b), a party may move for summary judgment in its favor as to all or part of the asserted claims. The moving party bears the initial burden of informing the court of the basis of its motion which it asserts demonstrates a lack of genuine issues of material fact.[2] Once this burden has been met, the party opposing the motion cannot rest upon its own bare allegations but must come forward with evidence that a genuine issue of material fact does indeed exist.[3] The Court considered all the evidence submitted in making its rulings. The Plaintiff, proceeding pro se, was specifically advised of the obligations

---

1. The Plaintiff had also alleged violations of Title VII and 42 U.S.C. §1981 in his complaint. The Defendant's Motion for Summary Judgment was granted as to those racial discrimination claims by order and opinion entered on February 4, 1997.

2. See, e.g., *Celotex v. Catrett*, 477 U.S. 317 (1986).

3. *Id.*

1

under Rule 56 through informational items attached to the Motion Docket.

## FACTS

The Plaintiff ("Pippen") was employed by the Defendant ("Sheraton") as a bellman in its Civic Center Hotel in Birmingham, Alabama from March 1994 to December 1995. As a bellman, Pippen received tips during the course of his employment. When he began employment, Pippen signed an acknowledgment of receipt of an employee handbook and a statement that he understood the policies and procedures in the handbook. In the employee handbook, bellpersons are designated as tipped employees and they were directed to record the amount of tips they earned at the end of every shift. Personnel reports indicate that Pippen was warned on at least three occasions about failing to report his tips. Pippen wrote comments protesting the reporting of tips on some of these forms. He was terminated for the stated reason that he failed to report his tips properly.

Pippen filed suit on July 17, 1996 alleging, among other things, violations of the Fair Labor Standards Act for failure to pay minimum wage and overtime. Sheraton has filed a Motion for Summary Judgment on these claims and Pippen has filed a Motion for Partial Summary Judgment.[4/]

## ANALYSIS

Under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 206, employers are required to pay a minimum wage to employees. Under regulations promulgated by the Department of

---

4. This Motion was filed on March 31, 1997. Pippen had filed a Motion for Summary Judgment as to all of his claims earlier and the motion was denied by order and opinion entered on February 4, 1997. Although the court had already denied the same motion, the court has considered this second Motion for Partial Summary Judgment in conjunction with the Defendant's Motion for Summary Judgment and allowed Pippen an opportunity to submit evidence and argument in support of this second motion.

2

Labor, employers of employees who regularly receive tips may use a tip credit of up to fifty percent (50%)[5] in determining the employees wage. 29 U.S.C. §203(m). To qualify for the tip wage credit, an employee must be employed in an occupation that normally receives at least $20 per month in tips. 29 C.F.R. §531.51. An employer is allowed to determine the proper amount of the tip credit from information the employer has regarding the tipping practices in his establishment. 29 C.F.R. §531.57. Under these provisions, the employer must have notified the employee of the credit being used and allowed the employee to retain the tips. 29 U.S.C. §203(m).

Sheraton argues that it has met all of the requirements necessary to take the tip wage credit as allowed by the FLSA. Sheraton has introduced evidence that other bellmen employed during the same time period as Pippen routinely reported receiving more than $20.00 per month in tips, that they were allowed to retain the tips and that they were notified of the policy of using the tip wage credit in the employee handbook. Sheraton has produced evidence that Pippen received an employee handbook as well as a letter stating that his starting hourly rate would be $2.75 during his 90 day probationary period and then $3.00 per hour thereafter. Pippen has failed to produce substantial evidence in opposition to Sheraton's Motion. His pleadings and other submissions argue that the FLSA applies to Sheraton and that he is entitled to be paid minimum wage at $4.25 per hour. Sheraton does not dispute the application of the FLSA. Rather, Sheraton argues that it is in compliance with the Act. His only response to the Sheraton's argument that it is entitled to take the tip wage credit is that he was unable to find the phrase defined anywhere.

---

5. This section has been amended. There is no longer a cap of 50% for the tip credit. However, during the time of Pippen's employment the tip credit was capped at 50%.

In some of his pleadings, Pippen has also alleged that Sheraton failed to pay overtime in accordance with the FLSA. However, upon a reading of the evidence submitted by Sheraton and the applicable statutes and regulations, it appears that Sheraton is in compliance with the regulations regarding the overtime provisions relating to tipped employees. Pippen failed to produce evidence in opposition to Sheraton's motion.

Based on the foregoing facts and law, the Defendant's Motion for Summary Judgment on the Plaintiff's claims of violation of the Fair Labor Standards Act is hereby GRANTED and the Plaintiff's Motion for Partial Summary Judgment is hereby DENIED.

Date: August __7__, 1997

_Sam C. Pointer Jr._

Chief Judge Sam C. Pointer, Jr.

Service List:
    Ms. LaVeeda Morgan Battle
    Mr. Harold Pippen